JUDGE OETKEN

14 CV 5973

**Montgomery, McCracken, Walker & Rhoads, LLP**
437 Madison Ave., 29th Floor
New York, New York 10022
(212) 201-1931

*Attorneys for Plaintiffs*




UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---X

SIEMENS AG,
BEFRACHTUNGSKONTOR HANSA GmbH,
and CARL SCHROETER GMBH & CO. KG,

Plaintiffs,

-against-

REDDING TRANSIT MARINE LINES, INC.
a/k/a RTM LINES

Defendant.

---X

**COMPLAINT**

Plaintiffs, SIEMENS AG, BEFRACHTUNGSKONTOR HANSA GmbH and, CARL SCHROETER GMBH &CO. KG, by their attorneys, Montgomery, McCracken, Walker & Rhoads, LLP, complaining of the defendants, alleges upon information and belief as follows:

**JURISDICTION AND VENUE**

1. This is a case of admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333 as hereinafter more fully appears, and is an admiralty and maritime claim within the meaning of 28 U.S.C. § 1333 and Rule 9(h) of the Federal Rules of Civil Procedure.

2. This court has personal jurisdiction over Defendant because Defendant's bill of lading contract mandates jurisdiction before this Honorable Court.

3. Venue is also proper under 28 U.S.C. § 1391 because Defendant has agreed by its bill of lading contract to appear before this Honorable Court.

**PARTIES**

4. Plaintiff, SIEMENS AG. (hereinafter "SIEMENS"), was and still is a corporation organized and existing under and by virtue of the laws of a foreign country with an office and place of business located at Wittelsbacherplatz 280333 Munich, Germany.

5. Plaintiff, BEFRACHTUNGSKONTOR HANSA GMBH (hereinafter "BFK"), was and still is a corporation organized and existing under and by virtue of the laws of a foreign country with an office and place of business located at Auf dem Dreieck 5, 28197 Bremen, Germany.

6. Plaintiff, CARL SCHROETER GMBH & CO. KG (hereinafter "CARL SCHROETER") ,was and still is a corporation organized and existing under and by virtue of the laws of a foreign country with an office and place of business at Martinistraße 8-10 D-28195 Bremen, Germany.

7. Upon information and belief, at all times hereinafter mentioned, defendant REDDING TRANSIT MARINE LINES, INC. a/k/a RTM LINES (hereinafter "RTM") was and still is a corporation organized and existing under and by virtue of the laws of a one of the fifty states with an office and place of business located at 37 North Ave Norwalk, CT and was and now is engaged in business as a Non Vessel Operating Common Carrier ("NVOCC") and/or freight forwarder of merchandise by water for hire.

**FACTS**

8. On or about June 26, 2013, BFK acting as a broker for SIEMENS, arranged for the booking of a break-bulk cargo with RTM for "direct" ocean carriage, from Port Newark, New Jersey to Al Khoms Libyan Sea Port, Libya

9. The booking provided that RTM had to make arrangements for loading of the cargo on board of the M/V GRANDE ELLADE VOY 0613 sailing from Port Newark, New Jersey on or about July 5, 2013, with an estimated time of arrival and delivery at Al Khoms Libyan Sea Port, Libya on or about August 3, 2013.

10. RTM understood and agreed that the cargo would be delivered to Al Khoms Libyan Seaport no later than August 3, 2013.

11. On or about July 9, 2013, RTM issued bill of lading No. RTMYEWR1359130000 to plaintiffs or their agents, agreeing to transport the cargo on board the vessel M/V GRANDE ELLADE to Libya.

12. The cargo was in fact loaded on board of a different vessel, the M/V Atlantic Conveyor.

13. It was later learned by Plaintiff that the M/V Atlantic Conveyor was never scheduled to sail directly to from Newark to Libya. The M/V Atlantic Conveyor was not scheduled to call at any Libyan Port at all.

14. On or about July 19, 2013, RTM advised Plaintiffs that the cargo was to be discharged in Hamburg, Germany, and transported via feeder vessel to Antwerp, Belgium where it arrived on July 29, 2013 for transshipment to its final destination in Libya.

15. On July 30, 2013, RTM advised BFK that due to routing changes the cargo was scheduled to be loaded in Antwerp on board of the M/V Grande Roma on August 14, 2013 and that estimated time of arrival in Al Khoms, Libya was August 26, 2013.

16. As a result of this new delay, it was clear that the delivery deadline of August 3, 2014 could no longer be met. Plaintiffs had no other choice than take delivery of the cargo in Antwerp and seek alternative means of transportation for the goods to Libya.

17. As a consequence of the breach of contract, negligence, deviation, and acts of the Defendant, Plaintiffs suffered damages amounting to $471,000.00, as best as they can now be estimated.

18. Plaintiffs sue herein on their own behalf and as agents and trustees for and on behalf of anyone else who may now have or hereafter acquire an interest in this action.

**FIRST CAUSE OF ACTION**
**LIABILITY UNDER THE UNITED STATES CARRIAGE OF GOODS BY SEA ACT**

19. Plaintiffs repeat and reallege paragraphs 1 through 18 as if fully set forth herein.

20. RTM breached its duties to Plaintiffs under the Carriage of Goods by Sea Act ("COGSA) 46 USC 1301, now a note to 46 USC 30701, by failing to properly and safely transport the cargo from Port Newark, New Jersey to Al Khoms Libyan Sea Port, Libya by:

a) failing to arrange for *direct* shipment of the cargo from Port Newark, New Jersey to Al Khoms Libyan Sea Port, Libya as agreed;

b) misrepresenting on bill of lading No. RTMYEWR1359130000 that the cargo was loaded on board of M/V GRANDE ELLADE for direct shipment from Port Newark, New Jersey to Al Khoms Libyan Sea Port, Libya,

c) having the cargo loaded on the M/V Atlantic Conveyor destined to Hamburg Germany;

d) having the cargo loaded on a feeder vessel in Hamburg for delivery to Antwerp, Belgium for transshipment;

e) causing delays that resulted in the impossibility to accomplish the delivery of the cargo in Libya on or about August 3, 2013; and

f) failing to deliver the cargo in Libya on or about August 3, 2103.

21. RTM's breach of COGSA duties proximately caused Plaintiffs' losses in the amount of $471,000.00 as best as they can now be estimated, no part of which has been paid although duly demanded.

**SECOND CAUSE OF ACTION**
**BREACH OF CONTRACT**

22. Plaintiffs repeat and reallege paragraphs 1 through 21 as if fully set forth herein.

23. RTM breached the requirement under its contract(s) with Plaintiffs by:

a) failing to arrange for *direct* shipment of the break bulk cargo from Port Newark, New Jersey to Al Khoms Libyan Sea Port, Libya as agreed;

b) misrepresenting on bill of lading No. RTMYEWR1359130000 that the cargo was loaded on board the M/V GRANDE ELLADE for direct shipment from Port Newark, New Jersey to Al Khoms Libyan Sea Port, Libya;

c) having the cargo loaded on the M/V Atlantic Conveyor destined to Hamburg Germany;

d) having the cargo loaded on a feeder vessel in Hamburg for delivery to Antwerp, Belgium for transshipment;

e) causing delays that resulted in the impossibility to accomplish the delivery of the cargo in Libya on or about August 3, 2013; and

f) failing to deliver the cargo in Libya on or about August 3, 2103.

24. RTM's breach of contracts proximately caused Plaintiffs' losses in the amount of $471,000.00, as best as they can now be estimated, no part of which has been paid although duly demanded.

**THIRD CAUSE OF ACTION**
**NEGLIGENCE**

25. Plaintiffs hereby incorporate paragraphs 1 through 24 into this cause of action as if fully set forth herein.

26. RTM acted negligently by:

(a) failing to arrange for direct shipment of the break bulk cargo from Port Newark, New Jersey to Al Khoms Libyan Sea Port, Libya as agreed;

b) misrepresenting on bill of lading No. RTMYEWR1359130000 that the cargo was loaded on board of M/V GRANDE ELLADE for direct shipment from Port Newark, New Jersey to Al Khoms Libyan Sea Port, Libya;

c) having the cargo loaded on the M/V Atlantic Conveyor destined to Hamburg Germany;

d) having the cargo loaded on a feeder vessel in Hamburg for delivery to Antwerp, Belgium for transshipment;

e) causing delays that resulted in the impossibility to accomplish the delivery of the cargo in Libya on or about August 3, 2013; and

f) failing to deliver the cargo in Libya on or about August 3, 2103.

27. RTM's negligence proximately caused Plaintiffs' losses in the amount of $471,000.00, as best as they can now be estimated no part of which has been paid although duly demanded.

**FOURTH CAUSE OF ACTION**
**DEVIATION**

28. Plaintiffs hereby incorporate paragraphs 1 through 27 into this cause of action as if fully set forth herein.

29. RTM is liable of deviation under COGSA by:

(a) failing to arrange for direct shipment of the break bulk cargo from Port Newark, New Jersey to Al Khoms Libyan Sea Port, Libya as agreed;

b) misrepresenting on bill of lading No. RTMYEWR1359130000 that the cargo was loaded on board of M/V GRANDE ELLADE for direct shipment from Port Newark, New Jersey to Al Khoms Libyan Sea Port, Libya;

c) having the cargo loaded on the M/V Atlantic Conveyor destined to Hamburg Germany;

d) having the cargo loaded on a feeder vessel in Hamburg for delivery to Antwerp, Belgium for transshipment;

e) causing delays that resulted in the impossibility to accomplish the delivery of the cargo in Libya on or about August 3, 2013; and

f) failing to deliver the cargo in Libya on or about August 3, 2103.

30. RTM's deviation proximately caused Plaintiffs' losses in the amount of $471,000.00, as best as they can now be estimated no part of which has been paid although duly demanded

**FIFTH CAUSE OF ACTION**
**BREACH OF BAILMENT**

28. Plaintiffs hereby incorporate paragraphs 1 through 27 into this cause of action as if fully set forth herein.

29. The losses suffered by Plaintiffs were directly and proximately cause by the acts and omissions of RTM in violation of its statutory and common law duties and obligations as a baily to safely care and arrange for the transportation of the cargo while in RTM's care, custody and control.

30. RTM's acts and omissions caused Plaintiffs' losses in the amount of $471,000.00, as best as they can now be estimated no part of which has been paid although duly demanded.

**SIXTH CAUSE OF ACTION**
**DECLARATORY RELIEF**

31. Plaintiffs hereby incorporate paragraphs 1 through 30 into this cause of action as if fully set forth herein.

32. The Court has the authority to grant declaratory relief under the Declaratory Judgment Act, 28 U.S.C. Section 2201 *et seq*. (2006).

33. An actual controversy within the jurisdiction of the Court exists between Plaintiffs and RTM concerning their respective rights and duties arising out the losses suffered by Plaintiffs and RTM's responsibility for such losses.

34. Plaintiffs respectfully request a judicial determination as to the parties rights and duties and a declaration that RTM, as a carrier and/or freight forwarder of merchandise by water for hire, is responsible for Plaintiff's losses.

**WHEREFORE**, Plaintiffs demand judgment against RTM in the amount of not less than $471,000.00, together with interest, costs, attorneys' fees and such other and further relief as may be appropriate in the circumstances.

Dated: New York, New York
July 31, 2014

**Montgomery, McCracken, Walker & Rhoads, LLP**
*Attorneys for Plaintiffs*
SIEMENS AG,
BEFRACHTUNGSKONTOR HANSA GMBH
and CARL SCHROETER GMBH & CO. KG

By: ______________________
**Vincent M. DeOrchis**
vdeorchis@mmwr.com
**Kaspar Kielland**
kkielland@mmwr.com
437 Madison Avenue, 29th Floor
New York, New York 10022
(212) 201-1931
Our File: 66286.00001